UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

RONNIE DEBOSE, on behalf of himself
and all others similarly situated,

                Plaintiff,

v.

FEDEX CORPORATION, JOANNE
BOURNE, AND HERMAN PRAWL,

                Defendant.

-------------------------------------------------------- X

Case No. 1:08-cv-7042 (AKH)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FEDERAL EXPRESS CORPORATION'S, JOANNE BOURNE'S AND HERMAN PRAWL'S MOTION TO DISMISS PLAINTIFF RONNIE DEBOSE'S AMENDED COMPLAINT

**FEDERAL EXPRESS CORPORATION**

Barak J. Babcock
*Admitted Pro Hac Vice*
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Telephone: (901) 434-8562
Facsimile: (901) 434-4523

Colby S. Morgan, Jr.
Federal Express Corporation
1 Penn Plaza – 26th Floor
New York, NY 10119
Telephone: (212) 560-4014
Facsimile: (212) 560-4175

ATTORNEYS FOR DEFENDANTS

# TABLE OF CONTENTS

INTRODUCTION AND SUMMARY OF ARGUMENT .................................................................. 1

SUMMARY OF ALLEGATIONS AND PROCEDURAL BACKGROUND .............................. 2

ARGUMENT........................................................................................................................ 5

I.      This Court Does Not Have Subject Matter Jurisdiction
        Over Plaintiff's Class Claim, His Time Barred Claims,
        Or His NYC Claims................................................................................................ 5

        A.      Plaintiff failed to include his class allegations in his
                Administrative Charge.................................................................................... 6

        B.      All of Plaintiff's claims, except his ADEA claim, are barred by the
                six month limitations period contained in Plaintiff's Application for
                Employment................................................................................................ 11

        C.      Plaintiff's IIED claim is also barred by New York's one year
                statute of limitations period ...................................................................... 13

        D.      Plaintiff did not comply with the conditions precedent to alleging
                his NYC claims........................................................................................... 14

II.     The Supreme Court's Decision in *Twombly* Provides the Framework For
        Analyzing The Sufficiency Of The Amended Complaint and Compels
        Dismissal ............................................................................................................. 15

        A.      Under The *Twombly* Standard, Plaintiff's Discrimination Class
                Claims Must Be Dismissed.......................................................................... 17

                1.      Plaintiff's Fails to Indentify a Specific Employment Practice ............. 19

                2.      Plaintiff's Statistical Data is Insufficient to Allege Causation............. 19

        B.      Under The *Twombly* Standard, Plaintiff's IIED Claim Must Be
                Dismissed.................................................................................................... 22

CONCLUSION ................................................................................................................... 24

**TABLE OF CITATIONS**

**CASES:**

*ATSI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F. 3d 87 (2d Cir. 2007) ....................... 16

*Allaire Corp. v. Okumus,* 433 F.3d 248 (2d Cir. 2006) ................................................2

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 (2007).................2, 15, 16, 17, 18, 22

*Bethea v. Equinox Fitness Club,* No. 07-2018, 2007 U.S. Dist. LEXIS 45821,
    (S.D.N.Y. June 21, 2007) ......................................................................................6, 9

*Boykin v. Keycorp.,* 521 F. 3d 202 (2d Cir. 2008)...............................16, 17, 18, 19, 21

*Brown v. Coach Stores, Inc.*, 163 F. 3d 706 (2d Cir. 1998) ......................................20, 21

*Byrnie v. Town of Collierville Bd. Of Ed.,* 243 F. 3d 93 (2d Cir. 2001)........................19

*Campbell v. Grayline Air Shuttle, Inc.,* 930 F. Supp. 794 (E.D.N.Y. 1996) ....................13, 22, 23

*Chase v. Columbia Nat'l Corp.*, 832 F. Supp. 654 (S.D.N.Y. 1993) ............................13

*Clausnitzer, et al. v. Federal Express Corp.,*
    No. 05-cv-1269 (DOC), U.S.D.C. (C.D. Cal. Mar. 18, 2008)........................... 22

*Cokely v. New York Convention Ctr. Operating Corp.,* No. 00-4637,
    2003 U.S. Dist. LEXIS 5198 (S.D.N.Y. Mar. 31, 2003)................................7, 9

*Collins v. Wilcox, Inc.* 600 N.Y.S.2d 884 (N.Y. App. Div. 1992) ..................................23

*Conley v. Gibson,* 355 U.S. 41, 78 S. Ct. 99 (1957)..................................................15

*Foster v. CBS Records,* 109 F.R.D. 168 (S.D.N.Y. 1986) .............................................10

*Gay v. Carlson,* 60 F. 3d 83 (2d Cir. 1995)...............................................................23

*Gerzog v. London Fog Corp.*, 907 F. Supp. 590 (E.D.N.Y. 1995)...........................22, 23

*Gregory v. Daly,* 243 F. 3d 687 (2d Cir. 2001) .........................................................15

*Hazelwood Sch. Dist. v. United States,* 433 U.S. 299, 97 S. Ct. 2736 (1977)...............20

*Holley v. Department of Veteran Affairs,* 165 F. 3d 244 (3d Cir. 1999) .......................12

*Holowecki v. Fed. Express Corp.*, 440 F.3d 558 (2d Cir. 2006),
    *aff'd,* 552 U.S. --, 128 S. Ct 1147 (2008) .................................................................3

*Holowecki v. Fed. Express Corp.,* No. 02-cv-3355 (JSR) (S.D.N.Y. Dec. 31, 2008).................22

*Hughes v. ABB Inc.,* 131 Fed. Appx. 379 (3d Cir. 2005) ...............................................12

*In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007) ...........................................2, 16, 18, 22

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F. 3d 69 (2d Cir. 1995) .........................3

*Iqbal v. Hasty,* 490 F. 3d 143 (2d Cir. 2007), *cert. granted,* 128 S. Ct. 2931 (U.S. 2008) ...........16

*Janneh v. Regency Hotel, Binghampton,* 870 F. Supp. 37 (N.D.N.Y. 1994) ...............................13

*John J. Kassner & Co. v. City of New York*, 389 N.E.2d 99 (N.Y. 1979).....................................13

*Kloos v. Carter-Day Co.,* 799 F. 2d 397 (8th Cir. 1986)...............................................................10

*Koster v. Chase Manhattan Bank, N.A.,* 609 F. Supp 1191 (S.D.N.Y. 1985)...............................23

*Leigh Ellis & Co. v. Davis,* 260 U.S. 682, 43 S. Ct. 243 (1923) ........................................12

*Lightfoot v. Union Carbide Corp.,* No. 92 Civ. 6411,
    1994 U.S. Dist. LEXIS 6191 (S.D.N.Y. May 12, 1994) ...............................................14

*Makarova v. United States,* 201 F.3d 110 (2d Cir. 2000)......................................................5, 6

*Malik v. Meissner,* 82 F. 3d 560 (2d Cir. 1996) ...................................................................6

*Martin v. Citibank, N.A.,* 762 F. 2d 212 (2d Cir. 1985) .........................................................23

*O'Malley v. AIDS Institute, MYNRO,* No. 95 Civ. 5561,
    1996 U.S. Dist. LEXIS 11319 (S.D.N.Y. Aug. 7, 1996)..............................................14

*Order of United Commercial Travelers of America v. Wolfe,* 331 U.S. 586,
    67 S. Ct. 1355 (1947)...................................................................................................12

*Paladines v. Poulos,* No. 93 Civ. 9031,
    1994 U.S. Dist. LEXIS 10170 (S.D.N.Y. July 22, 1994)..............................................14

*Patane v. Clark,* 508 F. 3d 106 (2d Cir. 2007) ................................................................17, 18

*Realmuto v. Yellow Freight System, Inc.*, 712 F. Supp 287 (E.D.N.Y. 1989)...............................23

*Rothman v. Gregor,* 220 F.3d 81 (2d Cir. 2000) ...................................................................3

*Scheuer v. Rhodes,* 416 U.S. 232, 94 S. Ct. 1683 (1974) ..................................................6

*Shipping Fin. Serv. Corp. v. Drakos,* 140 F.3d 129 (2d Cir. 1998)....................................6

*Smith v. Xerox Corp.,* 196 F. 3d 358 (2d Cir. 1999).........................................19, 20, 21

*Tolliver v. Xerox Corp.,* 918 2d 1052 (2d Cir. 1990) ........................................................6

*Van-Go Transp. Co. v. New York City Bd. Of Educ.,* 53 F. Supp. 2d 278 (E.D.N.Y. 1999).........13

*Walsh v. Lincoln Savings Bank, FSB,* No. 93 Civ. 1101,
      1995 U.S. Dist. LEXIS 1829 (S.D.N.Y. Feb 15, 1995).....................................14

*Wannamaker v. Columbia Rope Co.,* 740 F. Supp. 127 (N.D.N.Y. 1990)...............................23, 24

*Wards Cove Packing Co. v. Antonio,* 490 U.S. 642, 109 S. Ct. 2115 (1989)...............................19

*Watson v. Forth Worth Bank & Trust,* 487 U.S. 977, 108 S. Ct. 2777 (1998)..............................19

## STATUTES AND REGULATIONS:

29 C.F.R. § 1601 ......................................................................................................................12

29 U.S.C. § 160 .......................................................................................................................12

29 U.S.C. § 621 .........................................................................................................................1

29 U.S.C. § 626 ......................................................................................................................10

42 U.S.C. § 2000 ....................................................................................................................12

Fed. R. Civ. P. § 8.................................................................................................................1, 15

Fed. R. Civ. P. § 12.....................................................................................................1, 5, 6, 15, 22

New York Executive Law § 290 ...............................................................................................1

New York Executive Law § 297 .............................................................................................12

Administrative Code of the City of New York § 8-101 .............................................................1

Administrative Code of the City of New York § 8-502 .........................................................12, 14

Defendants Federal Express Corporation (improperly named as FedEx Corporation) ("FedEx"), JoAnne Bourne and Herman Prawl (collectively "Defendants") respectfully submit this Memorandum of Law In Support of their Motion To Dismiss Plaintiff Ronnie DeBose's Amended Complaint pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Approximately five months after filing his initial complaint (and more than nine months after requesting the New York State Division Of Human Rights (the "Division") to dismiss his Verified Complaint (hereinafter "Administrative Charge") for administrative convenience), Plaintiff filed his Amended Complaint (Docket No. 9) attempting to turn his individual age discrimination failure-to-hire case into a nationwide class action. Plaintiff's Amended Complaint is nothing more than a "fishing expedition" and an attempt to seek to represent individuals who were denied employment with FedEx for any number of reasons over a 66 month period throughout the entire United States.

Plaintiff's Amended Complaint is deficient for several reasons. *First*, this Court does not have subject matter jurisdiction over Plaintiff's class action allegations under the Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), (Counts I and II), New York Executive Law § 290, *et seq.*, ("NYSHRL" or "NY State Claims") (Count III), and the Administrative Code of the City of New York, § 8-101 *et seq.*, ("NYCHRL" or "NYC Claims") (Count IV), because Plaintiff gave no indication to FedEx, the Division, or the EEOC that his grievance affected anyone but himself. Moreover, Plaintiff has not alleged he satisfied the requirement that he serve a copy of his

complaint on the City Commission on Human Rights and the Corporation Counsel as required to maintain his NYC Claims.

*Second*, Plaintiff's individual NY State Claims (Count III), NYC Claims (Count IV) and Intentional Infliction of Emotional Distress ("IIED") claims (Count IV) are barred by the six month limitation period agreed to by Plaintiff when he signed his Application For Employment.

*Third*, Plaintiff's Amended Complaint does not allege enough facts to "nudge [Plaintiff's] claims across the line from conceivable to plausible" as now required under the Second Circuit's interpretation of the *Twombly* pleading standard. *See In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). This Amended Complaint is a "fishing expedition" and permitting Plaintiff to proceed will cause FedEx to incur unnecessary excessive litigation expenses, a concern the Supreme Court was seeking to address in *Twombly. See* 127 S. Ct. at 1966-67.

## SUMMARY OF ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

1.  Plaintiff is an African-American male and is 51 years old. *See* Amended Complaint, ¶ 11.

2.  In July 2006, Plaintiff submitted an employment application to FedEx for the position of Courier. *See* Amended Complaint, ¶ 36; *see* Application For

---

[1]  Defendants accept as true, as they must on this Motion, the factual allegations of the Amended Complaint, without conceding the accuracy of those allegations. *See Allaire Corp. v. Okumus,* 433 F.3d 248, 249-50 (2d Cir. 2006). Defendants, however, deny each and every allegation of misconduct attributed to them by Plaintiff in his Amended Complaint and further dispute many of the factual allegations therein.

Employment, attached as Exhibit A to Declaration of Betty J. Saylors ("Saylors Decl.").[2]

3.    On October 14, 2006, Defendant Herman Prawl interviewed Plaintiff for the courier position. *See* Amended Complaint, ¶ 38.

4.    During the interview, Mr. Prawl asked Plaintiff several questions including questions regarding ten specific dimensions, about which Mr. Prawl made notes and rated Plaintiff on a Courier/Handler Interview Record.    *See* Amended Complaint, ¶¶s 30-31; *see also* Courier Interview Record, attached as Ex. B to Saylors Decl.

5.    Regarding the Attendance/Punctuality dimension, Mr. Prawl asked Plaintiff about the number of times he was absent from work due to illness in the preceding twelve months. *See* Amended Complaint, ¶ 40. Mr. Prawl also asked Plaintiff whether he was aware of the rigorous demands of the position of Courier, including exposure to inclement weather. *See* Amended Complaint, ¶ 41.   Plaintiff apparently infers that by this question, Mr. Prawl implied that Plaintiff would not be able to manage the physical requirements of the position. *See* Amended Complaint, ¶ 41. In response to Mr. Prawl's question, Plaintiff explained that he is able to manage inclement weather because he previously worked as a limousine driver in upstate New York where the weather is harsher. *See* Amended Complaint, ¶ 42.

6.    For the Physical Strength and Energy Level Requirements dimension, Mr. Prawl awarded Plaintiff two out of five points. *See* Amended Complaint, ¶ 48.  For the

---

[2]      In deciding a motion to dismiss under rule 12, a court may consider documents incorporated by reference in the complaint, those documents that are integral to the complaint, or documents that a plaintiff either possessed or knew about without converting the proceeding to one for summary judgment.  *See Holowecki v. Fed. Express Corp.,* 440 F.3d 558, 565-66 (2d Cir. 2006), *aff'd,* 552 U.S. --, 128 S. Ct. 1147, (2008) (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1995)); *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000).

Outside Working Conditions dimension, Mr. Prawl awarded Plaintiff one out of five points noting that Plaintiff had "lived in Rochester, NY" and "shovel[ed] snow for extended period of time." *See* Saylors Decl. at Ex. B, p. 3; *see also* Amended Complaint, ¶ 48. Mr. Prawl awarded Plaintiff zero points for the Initiative Working with Minimal Supervision dimension, noting that Plaintiff could articulate "no situation" in response to the interview questions. *See* Saylors Decl. at Ex. B, p. 4; *see also* Amended Complaint, ¶ 50.

7.   Mr. Prawl assigned an overall score of 35 points out of a possible 50 points to Plaintiff's interview. *See* Saylors Decl. at Ex. B, p. 1; *see also* Amended Complaint, ¶ 46. As the Courier Record indicates, a candidate who receives less than three points in one or more dimensions is not recommended. *See* Saylors Decl. at Ex. B, p. 1; *see also* Amended Complaint, ¶ 51.

8.   On May 8, 2007, Plaintiff went to FedEx's Leroy Street office and asked to speak with a manager. *See* Amended Complaint, ¶ 56. Although Plaintiff did not have an appointment, Defendant Joanne Bourne, a Senior Recruitment Specialist, recorded Plaintiff's contact information while she was on her way to lunch. *See* Amended Complaint, ¶¶s 56-57. On May 18, 2007, Plaintiff hand-delivered a "Thank You Letter" to Ms. Bourne. *See id.*

9.   Plaintiff alleges that FedEx represented that Plaintiff was not hired because his "employment history consists primarily of administrative work" and Plaintiff "did not have experience performing certain physical activities required of the job." *See* Amended Complaint, ¶ 60.

10.     Plaintiff filed his Administrative Charge with the Division and the EEOC on or about July 6, 2007. *See* Verified Complaint attached as Ex. C to Saylors Decl. A review of his Administrative Charge indicates no mention of class allegations; no other affected individuals are named; and no other FedEx facilities or locations are mentioned. *See id.*

11.     On March 25, 2008, Plaintiff, through his attorney, requested that the Division dismiss his Administrative Charge for administrative convenience because Plaintiff "intends on pursuing his federal remedies in court, in which forum issues concerning the questions of the discrimination charge can be fully and finally resolved." *See* Borrelli's correspondence attached as Ex. D to Saylors Decl.

12.     On August 7, 2008, Plaintiff filed his initial Complaint, wherein he alleged only individual claims against Defendants. *See* Docket No. 1.

13.     Plaintiff requested and was granted permission to file an Amended Complaint and did so on January 30, 2009. *See* Docket No. 9.

14.     During the first case management conference, the Court granted Defendants until February 20, 2009, to file a response to Plaintiff's Amended Complaint.

15.     To date, no other individuals have joined Plaintiff's lawsuit.

## ARGUMENT

**I.    This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Class Claims, His Time Barred Claims, Or His NYC Claims.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." *Fed. R. Civ. P.* 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to

adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Fed. R. Civ. P.* 12(b)(1)).  In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume that all of the factual allegations in the complaint are true.  *See Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998), (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974)).  Plaintiff ultimately bears the burden to prove, by a preponderance of the evidence, the existence of subject matter jurisdiction.  *See Makarova*, 201 F.3d at 113 (*citing Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996)).

A.    **Plaintiff failed to include his class allegations in his Administrative Charge.**

Plaintiff's class allegations must be dismissed since he did not describe in his Administrative Charge any alleged discriminatory conduct perpetrated by FedEx towards anyone other than himself.  The Second Circuit requires a plaintiff to provide an employer (and the EEOC) with appropriate notice of class action allegations.  In *Tolliver v. Xerox Corp.*, 918 F.2d 1052 (2d Cir. 1990), the Second Circuit concluded:

> Though we do not think the administrative claim in such circumstances need specify that the claimant purports to represent a class or others similarly situated, there must be some indication that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim. Such a claim alerts the EEOC that more is alleged than an isolated act of discrimination and affords sufficient notice to the employer to explore conciliation with the affected group.

*Id.*, at 1058 (emphasis added). This Court seems to have taken a case-by-case approach in applying *Tolliver*.

In *Bethea v. Equinox Fitness Club*, the Court determined that plaintiff's administrative charge of discrimination provided adequate notice that more than one employee at multiple work sites was subjected to inappropriate conduct.  No. 07-2018,

2007 U.S. Dist. LEXIS 45821, * 11-10 (S.D.N.Y. June 21, 2007) (Rakoff, J.) ("Here, Mass's charge put defendants and the EEOC on notice that maintenance workers at several of defendants' facilities were allegedly being subjected to inappropriate sexual activity in men's locker rooms.")

Similarly, Judge Motley, in *Cokely v. New York Covention Ctr. Operating Corp.*, examined several factors to determine that the charge was an adequate filing for the purposes of maintaining a class action alleging, among other things, discriminatory job allocation and promotion. No. 00-4637, 2003 U.S. Dist. LEXIS 5198, *14-15 (S.D.N.Y. Mar. 31, 2003). Specifically, *Cokely* recognized that an administrative charge indicating: (1) "only two females, who are not Black, on the sixty 'Man' list" and (2) that the "sixty 'Man' list was purportedly done by 'lottery,' yet no Black females and only eight minority males . . . are on the list" supports the conclusion that "more is alleged than an isolated act of discrimination." *Id.*, at ** 14-15. Additionally, the *Cokely* court indicated the following:

> Furthermore, in conjunction with the Initial Complaint, six individual plaintiffs filed claims alleging violations of Title VII and New York State Human Rights Law. Two of those came from named plaintiffs in the Second Amended Complaint, David Cokely and Natasha Perez, respectively. There can be no doubt that the EEOC and the employer were aware that these grievances concerned more than isolated acts.

*Id.*, at * 15 (internal citations omitted.) Judge Motley accorded weight to the fact that multiple individuals filed administrative charges and two of these individuals were named plaintiffs in the subsequent lawsuit in determining that the EEOC and the employer were on notice of class allegations.

In this case, Plaintiff does not allege in his Administrative Charge that discrimination occurred to anyone other than himself. Rather, Plaintiff's Administrative

Charge details his highly individualized allegations of race discrimination, age discrimination, and disability discrimination based on his specific interview experience and his subsequent experiences of never receiving a rejection letter from FedEx. *See* Saylors Decl. at Ex. C. Specifically, Plaintiff's Administrative Charge did not contain any class allegations, nor did his Administrative Charge provide the NY State Division, the EEOC, or FedEx any notice that his grievance affected anyone other than himself. *See id.* Indeed, his Administrative Charge contains the following individual and highly personal statements:

- "I . . . charge the above-named respondent with an unlawful discriminatory practice relation to employment . . . because of age, disability, race/color." *See id.*, p. 1.

- "Based on the forgoing, I charge respondent with an unlawful discriminatory practice relating to employment because of age, disability, race/color . . . ." *See id.*

- "I believe that I am being discriminated against based on the following factors . . . age . . . erroneous perception of unspecified physical disability . . . retaliation for erroneous perception of anti-Hispanic prejudice . . . Color . . . Black." *See id.*, p. 4.

- "At minimum, what I seek is: (a) my being hiring (sic) . . . (b) retroactive back pay . . ." *See id.*, p.6

- "[H]e [Defendant Prawl] proceeded to interview me in what I consider a less than thorough, and highly suspect manner. More specifically, I found two of his inquiries particularly unsettling." *See id.*, pp. 8-9.

- "I believe I may be the victim of race discrimination in that the allegedly offended Hispanic Fed-Ex employee . . . may have wielded some influence in my employment application being unjustly denied or rendered dormant." *See id.*, p. 12.

- "I believe I am also being denied employment because my lengthy administrative work history and age vastly differs from that of the average Fed-Ex courier observed throughout upper and lower Manhattan." *See id.*

- "[I]n the absence of a lawful and thorough pre-employment physical exam . . . I believe my sick leave record was construed as sufficient evidence of some physical inability on my part . . ." *See id.*

- "I charge the above-named Respondent with an unlawful discrimination practice . . ." *See id.*, p. 13.

On March 25, 2008, Plaintiff specifically requested the NY Division dismiss his Administrative Charge for administrative convenience because he wanted to "pursue his federal remedies in court." *See* Saylors Decl., Ex. D. Yet, over four months later, when he filed his original Complaint, he only repeated his individual allegations and did not allege any classwide allegations. *See* Docket No. 1. Rather, these class allegations seem to be a latent motivation or reassessment by Plaintiff (or, more likely, his attorneys).

Here, unlike the administrative charges in *Bethea*, which alleged discrimination occurring to numerous individuals at multiple work cites, Plaintiff does not allege in his Administrative Charge that discrimination occurred to anyone but himself. Moreover, Plaintiff's Administrative Charge discusses his experiences at the single FedEx facility where he applied for employment. Indeed, unlike the *Cokely* litigation, Plaintiff is the

only named plaintiff in this action.  Importantly, Plaintiff (and his attorneys) apparently either did not try, or were unable, to find any other plaintiffs to join in this action in the 19 months that have elapsed since Plaintiff filed his Administrative Charge.

This Court should not relieve Plaintiff from his burden to provide at least some notice of his class claims during the agency proceedings.  *See Kloos v. Carter-Day Co.*, 799 F.2d 397, 400-401 (8th Cir. 1986) (citing *Foster v. CBS Records*, 109 F.R.D. 168, 170 (S.D.N.Y. 1986)) ("These requirements seek to bar discrimination suits in which the accusation of improper motivation is not placed on the table with reasonable promptness. They seek to prevent subsequently contrived accusations from serving as the basis of court actions. . . . Such a limitation is of particular importance for age discrimination claims.  Under this statute everyone who lives out a substantial part of his life expectancy is a potential plaintiff.  Virtually everyone in the work force at some point fails to get something they might have wanted. Whether the person was fired or merely failed to be chosen for a raise or promotion, he or she is a potential plaintiff if over 40.  By adopting the requirement of a prompt administrative charge, Congress unquestionably sought to limit the potential for the filing of suits based on tardy reassessments.")  Plaintiff's class claims, therefore, should be dismissed as untimely because he did not file the requisite charge more than 60 days before the lawsuit was filed in court.  *See* 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary.")

**B.** **All of Plaintiff's claims, except his ADEA claim, are barred by the six month limitations period contained in Plaintiff's Application For Employment.**

Under federal and state law, parties may agree to a limitations period other than that provided by law.  Plaintiff's NY State Claims, NYC Claims and IIED claims are barred by the six month limitations period contained in his Employment Application.  Before FedEx would even consider Plaintiff for employment, he was required to complete an Application For Employment.  *See* Saylors Decl. at Ex. A.  Within this Application For Employment, Plaintiff was informed:   **"IMPORTANT – PLEASE READ AND SIGN BELOW,"** and by executing the Application, he agreed as follows:

> (15) . . . To the extent the law allows an employee to bring legal action against Federal Express, I agree to bring that complaint within the time prescribed by law or 6 months from the date of the event forming the basis of my lawsuit, whichever expires first.

*See* Saylors Decl. at Ex. A, p. 9.

Immediately below this paragraph 15, is a signature line, which Plaintiff executed indicating that he had read and understood the contents of paragraph 15.  *See id.*  This acknowledgement is conspicuously located directly above Plaintiff's signature.

In his Amended Complaint, Plaintiff alleges the last discriminatory incident occurred on May 8, 2007.  *See* Amended Complaint, ¶ 57.  Plaintiff, however, did not file this instant civil action until August 7, 2008, almost 15 months after the last discriminatory incident.   Therefore, on its face, the six month limitation period bars Plaintiff's claims.

Not only is the limitation clause clear and unambiguous, but six months is an eminently reasonable time in which to expect Plaintiff to ascertain his legal rights and bring a civil action on his NY State Claims, NYC Claims, and IIED claims.  Plaintiff was

not required to exhaust any administrative prerequisites or await an agency right to sue letter before proceeding on his NY State Claims, NYC Claims or IIED claims. *See* N.Y. Exec. Law § 297(9) (state claims); N.Y.C. Admin. Code § 8-502(a) (NYC claims). Moreover, the six month period was not so short as to constitute a practical abrogation of Plaintiff's right of action; nor did it bar his right to sue before he was able to ascertain that a loss or damage had occurred.

It is a well-settled principle that parties may agree to a limitations period shorter than that provided by law. The Supreme Court of the United States has addressed contractual limitation periods and held that:

> [I]t is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract <u>to a period less than that prescribed in the general statute of limitations,</u> proved that the shorter period itself shall be a reasonable period. Such shorter periods, written into private contracts, also have been held to be entitled to the constitutional protection of the Fourteenth Amendment under appropriate circumstances.

*Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608, 67 S. Ct. 1355 (1947) (emphasis added). Many courts find that a six month limitation period is reasonable because, among other reasons, there are federal six month statutes of limitation.[3] The six month time period set forth in the Application For Employment is reasonable, which is a matter of law for this Court to decide. *See Leigh Ellis & Co. v.*

---

[3]     Title VII has a similar six month limitations period for discrimination charges. *See* 42 U.S.C. § 2000e-5(e). The Labor Management Relations Act also requires breach of duty claims to be brought within six months. *See* 29 U.S.C. § 160(b); See *Hughes v. ABB Inc.*, 131 Fed. Appx. 379 (3rd Cir. 2005)(Upholding dismissal of purported state law claims because not filed within the six month limitations pursuant to 29 U.S. C. §160(b)); *Holley v. Department of Veteran Affairs*, 165 F.3d 244, (3d Cir., 1999)(Affirming a claimant's ability to request a "right to sue" letter from the EEOC on his own if after 180 days [6 months] the EEOC has not rendered a disposition on a charge under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.S. § 2000e et seq. The EEOC must issue the letter promptly on request. 29 C.F.R. § 1601.28(a)(1)).

*Davis*, 260 U.S. 682, 689, 43 S. Ct. 243 (1923) (noting that the reasonableness of a contractual limitations provision is a matter of law for the court to decide).    In New York, "[a]n agreement shortening the time period in which to bring an action will be upheld if it is reasonable and voluntarily agreed upon, but only if the intention to establish a shorter period is clearly set forth."    *Van-Go Transp. Co. v. New York City Bd. of Educ.*, 53 F. Supp. 2d 278, 283-284 (E.D.N.Y. 1999) (citing *Chase v. Columbia Nat'l Corp.*, 832 F. Supp. 654, 660 (S.D.N.Y. 1993) (applying New York law)); *see also John J. Kassner & Co. v. City of New York*, 389 N.E.2d 99, 103 (N.Y. 1979) (time-to-sue six months from filing of certificate according to city contract reasonable).    Plaintiff's claims, therefore, should be barred by the six month limitation provision he agreed to.

### C.    Plaintiff's IIED claim is also barred by New York's one year statute of limitation period.

Even assuming that this Court decided not to apply the six month limitation provision Plaintiff agreed to, this Court still lacks subject matter jurisdiction over Plaintiff's IIED claim.    "Under New York law, the statute of limitations for commencing an action for intentional infliction of emotional distress is one year from the time at which the offensive conduct occurred."    *Campbell v. Grayline Air Shuttle, Inc.*, 930 F. Supp. 794, 803 (E.D.N.Y. 1996) (citing *Janneh v. Regency Hotel, Binghampton*, 870 F. Supp. 37, 40 (N.D.N.Y. 1994).    For his claim against FedEx for intentional infliction of emotional distress, Plaintiff alleges in his Complaint "Defendant by the actions described herein exhibited extreme and outrageous conduct."    *See* Amended Complaint, ¶ 137.[4] Plaintiff filed his initial Complaint on August 7, 2008.    Plaintiff's claim is barred by the

---

[4]    Plaintiff's Complaint does not indicate which Defendant his IIED claim is against.    Defendants presume this claim is against Defendant FedEx since it was this defendant that did not hire Plaintiff. Regardless of whom the claim is against, it is still barred by the one-year statute of limitations.

statute of limitations because the most recent conduct by FedEx as alleged by Plaintiff occurred on May 8, 2007, more than one year before the filing of this action.  *See* Amended Complaint, ¶ 57.

**D.      Plaintiff did not comply with the condition precedent to alleging his NYC claims.**

Plaintiff has not complied with the condition precedent of maintaining his NYC Claims by serving a copy of his original Complaint upon the required city officials. "The NYCHRL has a filing requirement which states that 'prior to commencing a civil action [under § 8-502(a) of the NYCHRL], the plaintiff shall serve a copy of the complaint upon the city commission on human rights and the corporation counsel." *O'Malley v. AIDS Institute, MYNRO*, No. 95 Civ. 5561, 1996 U.S. Dist. LEXIS 11319, *15  (S.D.N.Y. Aug. 7, 1996) (citing N.Y.C. Admin. Code  8-502(c)).  This Court strictly imposes the notice requirements set forth in Section 8-502(c) of the NYCHRL as statutory prerequisites to filing a discrimination claim pursuant to Section 8-502(a). *See, e.g., Walsh v. Lincoln Savings Bank, FSB*, No. 93 Civ. 1101, 1995 U.S. Dist. LEXIS 1829, *3 n.1 (S.D.N.Y. Feb. 15, 1995); *Paladines v. Poulos*, No. 93 Civ. 9031, 1994 U.S. Dist. LEXIS 10170 (S.D.N.Y. July 22, 1994); *Lightfoot v. Union Carbide Corp.*, No. 92 Civ. 6411, 1994 U.S. Dist. LEXIS 6191, *17-18 (S.D.N.Y. May 12, 1994).  The plaintiff bears the burden to show compliance with this statutory prerequisite to asserting NYCHRL claims.  *See Lightfoot* at *17-18.

In this case, Plaintiff's NYC Claims must be dismissed because Plaintiff apparently failed to serve a copy of his original Complaint on the New York City Commission on Human Rights and on the New York City Corporation Counsel within ten days after commencing this action.  Critical to the analysis in this case, Plaintiff

should have served a copy of his original Complaint in August 2008, and Plaintiff has not alleged in his Amended Complaint that he has ever satisfied this requirement. *See generally* Amended Complaint.

**II.    The Supreme Court's Decision In *Twombly* Provides The Framework For Analyzing The Sufficiency Of The Amended Complaint And Compels Dismissal.**

Similar to a motion under Rule 12(b)(1), a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally" when considering a motion to dismiss a complaint under Rule 12(b)(6). *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). A complaint is subject to dismissal pursuant to Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." *Fed. R. Civ. P.* 12(b)(6).

Rule 8(a) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). The Supreme Court recently addressed the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6). In *Twombly*, the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 45-46. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974.

The Second Circuit has stated that *Twombly* does not require a universally heightened standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible*." Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *cert. granted* 128 S. Ct. 2931 (U.S. 2008) (emphasis added).   In other words, *Twombly* "'require[s] enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'"   *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974)).

Although *Twombly* did not make clear whether the plausibility standard applies beyond the antitrust context, the Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases." *ATSI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007).   It is less than clear, however, exactly "when factual 'amplification [is] needed to render [a] claim plausible.'"   *Boykin v. Keycorp.*, 521 F.3d 202, 213 (2d Cir. 2008) (brackets in original) (quoting *Iqbal*, 490 F.3d at 158).

One of the concerns addressed in *Twombly* was the practical reality that in large cases – in *Twombly* it was a class action antitrust case – the discovery process can be enormously expensive and tend to encourage cost-conscious defendants to settle even "anemic" cases before incurring excessive litigation expenses. *See Twombly*, 127 S. Ct. at 1966-67.   While the Second Circuit has applied the *Twombly* pleading standard to single plaintiff discrimination cases (*i.e.*, *Boykin*), the Court has not yet articulated what it believes is the "the outer bounds of *Twombly's* new standard for assessing pleadings under Rule 8(a)" in a class action employment discrimination case. *See Boykin*, 521 F.3d

at 213.  Defendants assert that Plaintiff's Amended Complaint, alleging class claims that may affect all over age forty applicants who applied for employment with FedEx over a 66 month period is similar in breadth, scope, and cost to the antitrust class action in *Twombly* and is unlike the single plaintiff discrimination case in *Boykin*.  Moreover, Plaintiff has not even gone as far as the *pro se Boykin* plaintiff in articulating his claims.

A.    **Under The *Twombly* Standard, Plaintiff's Discrimination Class Claims Must Be Dismissed.**

Plaintiff has attempted to turn his experience in applying for a job in FedEx's Big Apple District, which only covers Manhattan, into a statewide and nationwide class action.  Plaintiff has done nothing more than speculate that his individual experiences would be the same as an applicant in up-state New York or throughout the entire United States.  Plaintiff's attributions to FedEx for why he was not hired are wholly irrelevant to his age.  Plaintiff notes FedEx's Interview Guide that provides the interviewer is not to recommend a candidate who receives a rating of less than a three on one or more categories.  *See* Amended Complaint, ¶ 51; *see also* Saylors Decl. at Ex. B.  Plaintiff then alleges that the three categories he scored less than a three on ("Outside Working Conditions," "Physical Strength and Energy Level Requirements" and "Initiative Working with Minimal Supervision") were nothing more than a pretext to deny him employment because of his age.  *See generally* Amended Complaint, ¶¶s 48-50, 53, 92-93.

Plaintiff, however, makes no allegations and provides no set of facts indicating that these three categories of interview topics would elicit a different response depending on an applicant's age.  *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (upholding dismissal of Title VII gender discrimination claims under *Twombly* because "[p]laintiff's

complaint does not allege that she was subject to any specific gender-based adverse employment action . . . nor does [the complaint] set forth any factual circumstances from which a gender-based motivation for such an action might be inferred.")  Specifically, Plaintiff makes no allegations that a 39-year-old applicant answers questions regarding his "physical strength and energy level," his "outdoor working experiences," his "administrative experience," or even his "initiative working with minimal supervision" differently than a 40-year-old applicant. *See* Amended Complaint ¶¶s 48-50, 92-93. Based on these allegations, Plaintiff has not sufficiently plead his age discrimination claims to move them across the line from conceivable to plausible. *See In re Elevator Antitrust Litig.*, 502 at 50 (quoting *Twombly*, 127 S. Ct. at 1974).

In support of his class claims, Plaintiff alleges "FedEx's facially neutral policies, practices and procedures, favor younger applicants and target older applicants in deciding who to hire as Couriers, or similarly titled positions." Amended Complaint, ¶ 102. Plaintiff alleges that "[t]hese practices and procedures include, but are not limited to, FedEx's subjective interview evaluation and rating system, as well as their disinterest in hiring applicants with extensive work histories." Amended Complaint, ¶ 103. Plaintiff's unsupported conclusions and formulaic recitation of the elements of a disparate impact cause of action are not sufficient to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. Although the Supreme Court did not impose a heightened standard of fact pleading, pursuant to the Second Circuit "flexible plausibility standard," Plaintiff is obligated to <u>amplify</u> his claim with sufficient factual allegations to render his claim plausible. *See Boykin*, 521 F.3d at 213.

1.   Plaintiff Fails to Identify a Specific Employment Practice

First, Plaintiff's claims fail to allege a specific FedEx employment practice that adversely impacts applicants who are over the age of forty. "Simply gesturing towards the hiring process as a whole will not satisfy the requirement that the plaintiff identify a 'specific employment' practice that is the cause of the statistical disparities." *Byrnie v. Town Of Cromwell Bd. Of Ed.*, 243 F.3d 93, 111 (2d Cir. 2001) (citing *Wards Cove Packing Co. v. Antonio*, 490 U.S. 642, 656, 109 S. Ct. 2115 (1989)). In support of his disparate impact claim, Plaintiff points to the following FedEx practices and procedures: (1) "FedEx's subjective interview evaluation and rating system;" and (2) FedEx's "disinterest in hiring applicants with extensive work histories." However, the Second Circuit acknowledges "there is nothing unlawful about an employer's basing its hiring decision on subjective criteria, such as an impression an individual makes during an interview." *Byrnie*, 243 F.3d at 104 (emphasis added). Moreover, Plaintiff's allegations simply gesture towards FedEx's hiring process as a whole and Plaintiff fails to identify a specific employment practice that is the cause of the alleged statistical disparities. Consequently, Plaintiff's allegations do not reach the level of plausible as required under *Boykin*, 521 F.3d at 213.

2.   Plaintiff's Statistical Data is Insufficient to Allege Causation

Second, Plaintiff's statistical allegations are fatally flawed. "Statistical data may be admitted to show a disparity in outcome between groups, but to make out a prima facie case the statistical disparity must be sufficiently substantial to raise an inference of causation." *Smith v. Xerox Corp.*, 196 F.3d 358, 364 (2d Cir. 1999) (citing *Watson v. Forth Worth Bank & Trust*, 487 U.S. 977, 994, 108 S. Ct. 2777 (1998)). "Allegations

which contend only that there is a bottom line [age] imbalance in the work force are insufficient." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998).

Statistical evidence must be "of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group." *Xerox Corp.*, 196 F.3d at 365. "[P]laintiffs must identify the correct population for analysis." *Xerox Corp.*, 196 F.3d at 368. "In the typical disparate impact case the proper population is compared to the composition of the employer's workforce in a relevant manner, depending on the nature of the benefit sought." *Xerox Corp.*, 196 F.3d at 368 (citing *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 308, 97 S. Ct. 2736 (1977)).

In *Brown*, the Second Circuit reviewed de novo the district court's dismissal of plaintiff's Title VII race-based failure to hire disparate impact claim. *See Brown*, 163 F.3d at 708-09. The *Brown* court held that the "allegations of disparate impact fail because they do not adequately allege a causal connection between any facially neutral policy at Coach and the resultant proportion of minority employees." *Id.*, at 712. The Second Circuit reasoned that the plaintiff failed to connect general statistics to any employer policies:

> Although Brown asserts that Coach's training and promotion policies deliberately keep minorities from being promoted, those alleged policies seem utterly disconnected from the fact that the overall percentage of minority employees as a whole at Coach dropped between 1990 and 1995 and is less than the percentage of minorities in the retail industry as a whole.

*Id.*, at 712. Because the statistics presented by Brown only established "bottom line racial imbalance in the work force," the Second Circuit held that Brown failed to adequately allege a disparate impact claim. *See Brown*, 163 F.3d at 712-713.

Likewise, in this case, Plaintiff fails to allege adequately a disparate impact claim because Plaintiff does not adequately allege a causal connection between FedEx's practices and procedures. As statistical support for his disparate impact claim, Plaintiff alleges that "[b]ased on FedEx's production of employee records of all Couriers, or similarly titled positions, employed in FedEx's Big Apple District as of February 2008, an analysis of the ages of all employees hired into such positions from 2004 to February 2008 gives rise to an inference of age discrimination." Amended Complaint, ¶ 65. However, Plaintiff notably fails to identify the proper population for analysis. *See Xerox Corp.*, 196 F.3d at 368. That is, Plaintiff wholly fails to consider *the applicant pool* in his statistical analysis.

Plaintiff should have compared the applicant pool to the composition of the FedEx's workforce. *See Xerox Corp.*, 196 F.3d at 368. Rather, Plaintiff only includes in his statistical allegations the total number of couriers hired in each year from 2004 to 2007, and Plaintiff includes for each year the number of couriers hired who were forty years of age or older. *See* Amended Complaint, ¶¶ 66-69. Like the *Brown* plaintiff, Plaintiff's alleged statistics may allege an age imbalance in FedEx's workforce, but Plaintiff's allegations fail because Plaintiff fails to allege a causal connection between FedEx's facially neutral policies and the age of the FedEx Courier population. Consequently, Plaintiff's allegations do not render plausible claims as required by *Boykin*, 521 F.3d at 213.

Moreover, Plaintiff's alleged statistics do not render his statewide and nationwide class claims plausible. Plaintiff's Amended Complaint only contains courier information for the Big Apple District, which only includes couriers that work in Manhattan. *See*

21

Amended Complaint, ¶ 65.  Plaintiff makes no allegations regarding FedEx's workforce or hiring practices outside of the Big Apple District, let alone for the entire nation.[5]  In fact, FedEx does not electronically track an applicant's date of birth in it's electronic Application Tracking System.  *See* Declaration of John L. Thetford at ¶¶s 2-5.  Finally, the paperwork for individuals who applied for courier positions in the Big Apple District does not uniformly contain the individual's date of birth.  *See* Saylors Decl. at ¶ 9.  Indeed, out of the 2,371 individuals' application documents reviewed to date, 751 individuals' information, or 31%, do not contain a date of birth.  *See id.*  Plaintiff's failure to make any allegations about FedEx's applicant pool highlight that his class claims have not nudged across the line from conceivable to plausible.  *See In re Elevator Antitrust Litig.*, 502 at 50 (quoting *Twombly*, 127 S. Ct. at 1974).

**B.     Under The *Twombly* Standard, Plaintiff's IIED Claim Must Be Dismissed.**

In addition to the reasons stated above (Section I, C), Plaintiff's IIED claim should be dismissed under Rule 12(b)(6).  In the employment context, New York courts rarely entertain claims of intentional infliction of emotional distress absent allegations of such outrageous facts as sex discrimination or battery.  *See Gerzog v. London Fog Corp.*, 907 F. Supp. 590, 604 (E.D.N.Y. 1995); *Campbell*, 930 F. Supp. at 803.  Plaintiff's IIED

---

[5]      In fact, FedEx recently defeated a nationwide ADEA collective action brought by Couriers over 40.  *Clausnitzer, et al. v. Federal Express Corp.*, No. 05-cv-1269 (DOC), U.S.D.C. (C.D. Cal. Mar. 18, 2008), *appeal docketed*, No. 08-56155 (9th Cir. Jul. 17, 2008).  After extensive discovery covering a period of over ten years, the district court concluded that "the statistics do not evidence a pattern or practice of age discrimination against FedEx couriers over 40."  *Id.*, Order Denying Class Certification dated Oct. 19, 2007, Dkt. No. 219, pp. 8-9.  Copy of Order attached as Ex. E to Saylors Decl.  Additionally, twelve other couriers brought a proposed ADEA collective action in this district, *Holowecki, et al. v. Federal Express Corp.*, No. 02-cv-3355 (JSR) (S.D.N.Y. Dec. 31, 2008).  The *Holowecki* plaintiffs ultimately chose not to file a motion for class certification, and summary judgment was subsequently granted as to each of the twelve individuals' claims of age discrimination on December 31, 2008.  Order, Dkt. No. 110.

claim should be dismissed because his allegations of conduct by FedEx do not constitute the type of outrageous conduct required to state such a claim.

Under New York Law, a plaintiff claiming intentional infliction of emotional distress must prove four elements:

> (1) conduct that goes beyond all possible bounds of decency; (2) intention to cause distress, or knowledge that defendant's conduct would result in emotional distress; (3) severe emotional distress: and (3) [*sic*] a causal link between the defendant's conduct and plaintiff's distress.

*Campbell*, 930 F. Supp. at 803 (citing *Gay v. Carlson*, 60 F.3d 83, 89 (2d Cir. 1995). "The standard for stating a claim of intentional infliction of emotional distress is very high, requiring allegation of conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bound of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Campbell*, 930 F. Supp. at 803 (citing *Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985) (holding that allegations that employer withheld supplies and work space do not constitute the type of outrageous conduct required to state a claim of intentional infliction of emotional distress)).

"In the rare instances where the New York courts have found the complaint sufficient to state a claim for intentional infliction of emotional distress in the employment context, the claims have been accompanied by allegations of sex discrimination, and more significantly, battery." *Gerzog*, 907 F. Supp. at 605; *Collins v. Wilcox, Inc.*, 600 N.Y.S.2d 884, 885-86 (N.Y. App. Div. 1992); *Koster v. Chase Manhattan Bank, N.A.*, 609 F. Supp. 1191 (S.D.N.Y. 1985)). Indeed, "the courts regularly dismiss claims for intentional infliction of emotional distress which accompany routine age discrimination claims." *Gerzog*, 907 F. Supp. at 605 (citing *Realmuto v. Yellow Freight System, Inc.*, 712 F. Supp. 287, 289 (E.D.N.Y 1989)); *Wanamaker v.*

*Columbian Rope. Co.*, 740 F. Supp. 127 (N.D.N.Y. 1990).  In this case, Plaintiff's claim

of intentional infliction of emotional distress accompanies a routine age discrimination

claim and, therefore, must be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended

Complaint should be granted.

Dated: February 20, 2009

By:  /s Barak J. Babcock
Barak J. Babcock
*Admitted Pro Hac Vice*
Federal Express Corporation
3620 Hacks Cross Road
Building B, Third Floor
Memphis, TN 38125
Telephone:  (901) 434-8562
Facsimile:  (901) 434-4523

and

Colby S. Morgan, Jr.
Federal Express Corporation
1 Penn Plaza – 26th Floor
New York, NY 10119
Telephone:  (212) 560-4014
Facsimile:  (212) 560-4175
Federal Express Corporation
1 Penn Plaza – 26th Floor
New York, NY 10119
Telephone: (212) 560-4014

ATTORNEYS FOR ALL DEFENDANTS

765582

24