UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

RONNIE DEBOSE, on behalf of himself and all    :    **ORDER STRIKING CLASS**
others similarly situated,                             :    **ALLEGATIONS**

                                       :

                   Plaintiff,           :    08 Civ. 07042 (AKH)

                                           :

         -against-              :

                                           :

FEDEX CORPORATION, JOANNE BOURNE,    :
AND HERMAN PRAWL,                     :

                                           :

                   Defendants.        :

---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On May 27, 2009, the parties appeared before me for oral argument on

defendants' motion to dismiss plaintiff's amended complaint.

        Ronnie DeBose applied for a job at FedEx Corp. to be a courier.  He was

rejected.  After complaining to both the State Division of Human Rights ("SDHR") and

the Equal Employment Opportunities Commission ("EEOC"), he filed suit in this court.

Nearly six months later, and after having received permission from the court during a

conference, he amended to add nationwide class allegations to his suit.

        Pursuant to Federal Rule of Civil Procedure 12(b), defendants move

before filing an answer to dismiss the class claims.  The motion is granted.

        DeBose alleges that he suffered racial, age, and disability discrimination.

He represented to both the SDHR and the EEOC that his interview process was cut short

because plaintiff's misinterpreted racial comment to a Hispanic administrator caused that

and other FedEx workers to discriminate against plaintiff for being racist.  He represented

also that inquiries by FedEx's Human Resources interviewer that he explain his forty

absences the previous year for the previous employer exhibited a bias against disabled

1

people.  And he represented that a focus on job experiences that took applicants out-of-doors making deliveries, in preference to administrative work experiences, reflected a bias against older workers.

SDHR rejected all three sets of allegations.  EEOC did not make findings responsive to DeBose's claims, and gave him a right to sue letter.

DeBose, a fifty-one year old African American, applied for a job as a courier, submitting his application to the FedEx hiring department at Leroy Street, Manhattan.  The FedEx facility hires for all Manhattan FedEx offices and facilities.

FedEx gave DeBose standard tests and a job interview.  There was nothing in the tests or interview that showed bias against any protected groups.  That the administrators at FedEx refused to schedule DeBose for an additional interview because of a racial comment plaintiff made in a letter to FedEx is not evidence, without more, of racial bias.  Requiring an applicant to explain excessive absences does not show bias against disabilities.  And, favoring work experiences of a physical and outdoor nature for a courier job that requires carrying packages in all kinds of weather, does not show age-related bias.

This is not the time to be considering issues of failure of proofs.  But, it is a time to consider whether plausible allegations have been set out to justify the substantial expenses and intensive labors involved in prosecuting, defending, and managing class actions.

When considering a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations of the complaint, draw all reasonable inferences in the plaintiff's favor, and determine whether

2

the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see Reddington v. Staten Island Univ. Hosp., 511 F.3d 126, 132 (2d Cir. 2007).  I "consider plaintiff's relevant filings with the EEOC."  See Holowecki v. Fed. Exp. Corp., 440 F.3d 558, 565 (2d Cir. 2006).  A plaintiff must provide an employer and the EEOC with appropriate notice of class allegations.  Tolliver v. Xerox Corp., 918 F.2d 1052, 1058 (2d Cir. 1990) ("The purpose of the administrative charge requirement is to afford the agency the opportunity to 'seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.'" (citing 29 U.S.C. § 626(d))).  Accordingly, the charge must indicate "that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim.  Such a claim alerts the EEOC that more is alleged than an isolated act of discrimination and affords sufficient notice to the employer to explore conciliation with the affected group."  Id. at 1058.

Defendant's motion to dismiss the class claims and to strike the class allegations is granted.  Although plaintiff referred to, what he believed to be, an average age and experience level of FedEx couriers, he does not refer to others who suffered discrimination in his complaint.  Moreover, plaintiff's claims were highly individualized, arising from miscommunications during his interview process, his unusual number of prior work absences, and his experience level.  I recognize that plaintiff's complaint did prompt the SDHR to investigate FedEx's city-wide hiring practices regarding age discrimination.  However, since plaintiff alleged such an unusual set of discrimination claims, FedEx would not reasonably have been alerted to the possibility that others

3

suffered similar discrimination.  Therefore, plaintiff's class allegations did not meet the

Tolliver standard.

Plaintiff shall file a second amended complaint consistent with this order

on or before June 15, 2009.  The parties shall comply with Fed. R. Civ. P. 26(f), and meet

with me to establish a case management plan on August, 24, 2009 at 10:00 a.m.

The Clerk shall mark Doc. # 12 as terminated.

SO ORDERED.

Dated:        New York, New York
              June 1, 2009

                                                      ALVIN K. HELLERSTEIN
                                                      United States District Judge